## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIVIA M. SCOTTO, | : | |
|     **Plaintiff,** | : | |
| | : | |
|   **v.** | : | **CIVIL ACTION NO. 21-CV-0089** |
| | : | |
| SOCIEITE ANONYME, *et al.*, | : | |
|     **Defendants.** | : | |

## MEMORANDUM OPINION

This matter comes before the Court by way of several motions filed by Plaintiff Livia M. Scotto, proceeding *pro se*. Because Scotto has failed to pay the fees to commence a civil action or to file a motion to proceed *in forma pauperis*, the Court will deny these motions without prejudice as premature. However, in light of Scotto's clear desire to prosecute this matter, the Court will direct the Clerk of Court to reopen this matter in order to provide Scotto an additional opportunity to comply with the Court's prior directives and move this matter forward. For the following reasons, in order to proceed with this case, Scotto will be directed to: (1) either pay the $402 filing fee in this matter or file a motion to proceed *in forma pauperis*; **and** (2) file an amended complaint on the Court's standard form, within thirty (30) days.

## I.     FACTS AND PROCEDURAL HISTORY

Scotto commenced this action on January 5, 2021 by filing a Complaint (ECF No. 1) with the Clerk of Court. Scotto filed the Complaint without paying the fees to commence a civil action or filing a motion to proceed *in forma pauperis*. Accordingly, by Order dated January 22, 2021, the Court directed Scotto to "either (1) pay $402 (the $350 filing fee and $52 administrative fee) to the Clerk of Court, or (2) file a motion to proceed *in forma pauperis*" within thirty (30) days if she sought to proceed in this matter. (*See* ECF No. 3.) The January 22 Order cautioned that a failure to comply with the Order could result in the dismissal of the case

for failure to prosecute.  (*Id.*)

After the Court issued the January 22 Order, Scotto submitted approximately thirty-one (31) separate filings to the Court from January 26, 2021 through February 25, 2021, including an Amended Complaint, several "Exhibits," and multiple "Jurisdictional Statements."  (*See* ECF Nos. 4, 5, 6, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, and 36.)  None of these filings addressed the Court's previous directive requiring Scotto to either pay the filing fee or file a motion to proceed *in forma pauperis* as set forth in the January 22 Order.  Based on Scotto's failure to comply with that Order, the Court dismissed Scotto's case without prejudice for failure to prosecute by Order dated February 25, 2021.  (*See* ECF No. 27.)

Since the Court's February 25 Order, Scotto has filed approximately forty-three (43) additional filings through April 13, 2021, including but not limited to nine "Jurisdictional Statements," seventeen "Motions" of various types, and multiple "Letters," "Exhibits," and "Petitions."  (*See, e.g.*, ECF Nos. 38, 39, 40, 41, 43, 44, 45, 46, 47, 48, 49, 50, 54, 55, 56, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 79, 80, 81, 83, 84, 85, 86, and 87.)  Additionally, Scotto filed a Notice of Appeal with respect to the Court's February 25 Order dismissing her case for failure to prosecute.[1]  At this time, Scotto's case remains closed in accordance with the February 25 Order dismissing this action based on her failure to comply with the Court's prior directives.  Although Scotto has submitted a substantial number of filings in recent weeks, a motion to proceed *in forma pauperis* is not among them, and the filing fee

---

[1]  By Order dated March 29, 2021, the United States Court of Appeals for the Third Circuit dismissed Scotto's appeal for failure to prosecute because Scotto failed to pay the required appellate fee as directed.  (*See* ECF No. 78.)

remains unpaid at this time.

## II.     STANDARD OF REVIEW AND DISCUSSION

All parties instituting a civil action in a district court must pay a filing fee of $350 and an administrative fee of $52.  *See* 28 U.S.C. § 1914(a), (b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14).  However, the additional fee does not apply to persons granted leave to proceed *in forma pauperis*.  An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  Here, Scotto has not paid the required filing fee or sought leave to proceed *in forma pauperis* as the Court directed her to do the January 22 Order.  When Scotto failed to comply with the Court's directive to pay the filing fee or seek leave to proceed *in forma pauperis*, the Court construed Scotto's non-compliance as an indication that Scotto did not wish to proceed with this matter and dismissed her case for failure to prosecute.  However, since that time, Scotto's additional filings, coupled with her Notice of Appeal after her case was dismissed, evidence an intent by Scotto to prosecute this matter.  It is clear to the Court that Scotto has not abandoned her case and wishes to have her case proceed in accordance with the Federal Rules of Civil Procedure.

Unfortunately, Scotto's Complaint (ECF No. 1) does not meet the requirements of the Federal Rules of Civil Procedure, and therefore cannot proceed in its present form.  Specifically, Scotto's Complaint does not comply with the requirements of Federal Rules of Civil Procedure 8 and 10.  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief.  *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a

demand for the relief sought.'" (quoting Fed. R. Civ. P. 8(a)(2), (3))); *see also id.* ("Each averment must be 'simple, concise, and direct.'" (quoting Fed. R. Civ. P. 8(d)(1))).  "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019); *see also Fabian v. St. Mary's Med. Ctr.*, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." (quotations omitted)).  Dismissals under Rule 8 are "reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).  "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian*, 2017 WL 3494219, at *3 (citing Fed. R. Civ. P. 10).

Even the most liberal reading of Scotto's Complaint reveals that it is disorganized, confusing, repetitive, disjointed, and essentially incomprehensible.  Scotto's Complaint does not clearly identify a defendant, does not allege any legal basis for her claims, and does not set forth facts or claims in numbered paragraphs.  Nor does Scotto allege any facts asserting a basis for the Court's jurisdiction.  Rather, Scotto's Complaint is best described as a laundry list of random legal terms combined with the names of various courts as well as the names of various entities or businesses, both domestic and international.  The Complaint does not provide any context, details, or supporting facts regarding the alleged harm for which she now seeks redress.  Scotto also fails to assert any intelligible legal claims related to any such alleged harm.  Accordingly,

the Court will dismiss Scotto's Complaint for failure to comply with Rule 8.

However, cognizant of Scotto's *pro se* status, the Court recognizes that an opportunity to amend is necessary here to "flesh out" Scotto's allegations by giving her an opportunity to explain "the 'who, what, where, when and why' of [her] claim." *See Gambrell v. S. Brunswick Bd. of Educ.*, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Accordingly, the Court will provide Scotto with thirty (30) days to file an amended complaint in this action. The Court will require that Scotto complete and return the Court's standard form complaint[2] in order to help clarify the parties in this case, the nature of Scotto's legal claims, and the facts she alleges in support of those claims.

Although the Court will grant Scotto leave to amend here, the Court reminds Scotto "that litigation is serious business to be undertaken carefully and thoughtfully." *Harvey v. United States*, 149 Fed. Cl. 751, 775 (2020), *aff'd*, 2020-2279, 2021 WL 377806 (Fed. Cir. Feb. 3, 2021). This Court "and other federal courts are funded by the taxpayers of this country to adjudicate genuine disputes, not to function as playgrounds for would-be lawyers or provide an emotional release for frustrated litigants." *Id.* (quoting *Constant v. United States*, 929 F.2d 654, 659 (Fed. Cir. 1991)). This Court is aware of Scotto's prior litigation history in various districts around the country. In January 2020, the Honorable Margo K. Brodie, United States District Judge for the Eastern District of New York, explained that Scotto "has a long history of filing similar [*i.e.*, incomprehensible and incoherent] actions in other courts." *Scotto v. Hawaii*, 2020

---

[2] Scotto can obtain a blank copy of the Court's form complaint on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmcgenf.pdf. Scotto **must** use this form to file her amended complaint. Scotto is reminded that her amended complaint must comply with Federal Rules of Civil Procedure 8 and 10 by clearly setting out the names of the parties in the caption. Additionally, Scotto must utilize the form complaint to properly set forth the basis for the Court's jurisdiction, the nature of her legal claims, and the factual allegations in support of those claims.

WL 353141, at *3 (E.D.N.Y. Jan. 21, 2020).  Judge Brodie noted that Scotto had previously filed "over fifty cases in federal courts" including thirteen in the Eastern District of New York alone, and that Scotto "is the subject of several filing injunctions" in the United States District Courts for the Middle District of Florida, the Southern District of New York, and the District of Hawaii. *Id.* at *3, n.1 & 2.  Judge Brodie went on to recognize that Scotto had "inundated the Court with hundreds of pages of papers that are nonsensical and appear to have no relevance to any claims. These papers often refer to other federal courts and are submitted with no page numbers and in no discernable order."  *Id.* at *3.  Due to the "many hours of . . . time [required] to review these documents," Judge Brodie cautioned Scotto that she would no longer "be allowed to continue to submit reams of papers and other documents that have no relevance to any claim."  *Id.* Ultimately, Judge Brodie also issued a filing injunction against Scotto on March 10, 2020—the fourth such injunction against her—and the Clerk of Court for the Eastern District of New York enjoined Scotto from filing new actions in that Court without first obtaining permission.  *See Scotto v. State of Hawaii, et al.*, Civ. A. No. 19-5167 (E.D.N.Y.) (ECF Nos. 9 & 10).

To date, it appears Scotto may be treading down the same path in this litigation.  Scotto's filings in this case are unintelligible, incomprehensible, and most importantly, nonresponsive to the Court's original directive to pay the filing fee in this case or file a motion to proceed *in forma pauperis*.  Her combined filings at this point constitute hundreds and hundreds of pages which have required a substantial amount of time to review by the Court but fail to assert facts or legal claims of any kind.  As Scotto is aware, the Court retains inherent power to place reasonable restrictions on her ability to file in the future.  Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation."  *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see also In re Oliver*, 682 F.2d 443, 445 (3d Cir.

6

1982).  Accordingly, Scotto is advised that continued abuse of the judicial process may result in the imposition of a filing injunction or other appropriate restrictions on her access to filing, including, but not limited to, prohibiting Scotto from filing documents with the Clerk via email and requiring her to file by mail only.

### III.    CONCLUSION

For the foregoing reasons, the Court will direct the Clerk of Court to reopen this matter. Scotto's pending motions as set forth in this Memorandum are denied without prejudice. Scotto's Complaint is dismissed without prejudice.  If Scotto wishes to proceed in this matter she must: (1) either pay the $402 filing fee in this matter or file a motion to proceed *in forma pauperis*;[3] **and** (2) file an amended complaint on the Court's standard form, within thirty (30) days.  An appropriate order follows.

**April 23, 2021**                                        **BY THE COURT:**

**/s/ Wendy Beetlestone, J.**

_____

**WENDY BEETLESTONE, J.**

---

[3] Scotto may obtain a copy of the Court's current non-prisoner application to proceed *in forma pauperis* on the Court's website at at http://www.paed.uscourts.gov/documents/forms/ifpl.pdf.